**STATE of Missouri, Plaintiff-Respondent,**

v.

**Richard Paul AHERN,
Defendant-Appellant.**

No. 37705.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 14, 1976.

Robert C. Babione, Public Defender, Mary Louise Moran, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Raymond Bruntrager, Jr., Asst. Circuit Atty., St. Louis, Charles B. Blackmar, Spec. Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

DOWD, Judge.

Defendant, Richard Ahern, waived a jury and was tried by the court and found guilty of stealing over $50.00, § 560.156 RSMo 1969, and sentenced to three years in the Department of Corrections. Defendant claims on appeal that the evidence was insufficient to support the verdict, and that the information was defective. On appeal from a conviction this court will consider the evidence in a light most favorable to the state, together with all reasonable inferences therefrom. *State v. Wiley*, 522 S.W.2d 281, 292[19] (Mo. banc 1975).

A security guard of May Department Store testified that he observed defendant pick up two shopping bags and proceed on a tour of the first floor of Famous Barr randomly placing various items from throughout the store into the bags. The items included men's socks, a lamp, two key chains, several boxes of bras, and a woman's pants suit. As he pushed open the exit door, the appellant was stopped by the guard and escorted to the security office. The police were called and arrested the defendant.

The defense stipulated that the value of the property taken was $84.69, that it was taken without the owner's consent, that the owner of the property was Famous Barr, and the taking was inconsistent with the rights of the owner. The defense did not put on any evidence. At the end of the state's evidence the defense moved for acquittal, which was overruled.

The defendant first alleges that the motion for judgment of acquittal should have been sustained because the evidence failed to show that the defendant had the required intent to permanently deprive the owner of the use of the property and convert it to his own use. He claims that his intent was wrongly inferred from mere suspicion, and the state failed to meet its burden of showing the required intent.

Intent is rarely shown by direct evidence but may be shown by reasonable inferences arising from the circumstances surrounding the act and the act itself. *State v. Beckemeyer*, 423 S.W.2d 687, 688[1] (Mo. 1968); *State v. Deutschmann*, 392 S.W.2d 279, 283[9] (Mo. 1965). The court may find that a person intends the natural and probable consequences of his intentional acts. *State v. Shuler*, 486 S.W.2d 505, 509[3] (Mo. 1972). Rarely will there be found a stronger case of criminal intent to steal the property of another than here. The defendant was seen depositing various merchandise in a shopping bag, attempted to leave the store without paying for the merchandise, but was stopped by the security officer as he was pushing open the door of the store to leave.

Clearly, an inference that the defendant intended to take and convert Famous Barr's property to his own use is consistent with his actions. The defendant's claim that his conviction is improperly based on mere suspicion is without merit. The unrefuted testimony and facts stipulated by the defendant provide a basis far beyond suspicion from which to draw an inference of intent.

Defendant next alleges that the information was defective because it did not sufficiently specify the items which are the subject of the charge, and it did not allege the ownership of the merchandise stolen with sufficient clarity. The information charged that the .appellant did, "take and carry away the goods, wares, chattels, and personal property of MAY DEPARTMENT STORES INCORPORATED, a corporation, doing business as FAMOUS–BARR COMPANY . . . ." The defendant alleges that the listing of the property by its general nature did not protect the defendant from future prosecution on the same charge, and the reference to "property of MAY DEPARTMENT STORES INCORPORATED" is simply a further description of the property and not a statement of ownership.

In *State v. Rose*, 428 S.W.2d 737 (Mo. 1968) an information which charged breaking and entering of a building in which "goods, wares, merchandise and other valuable thing[s] (are) kept or deposited" was found sufficient. The court said that while it was preferable to state more specifically a description of the property claimed to be stolen, a defendant may request a bill of particulars to inform himself of the desired details. Supreme Court Rule 24.03 V.A. M.R. The court determined that the information charged the essential facts, and defendant's remedy was to file a motion for a bill of particulars. *State v. Rose, supra* at 741[6, 7].

Defendant's apprehension that future prosecution might occur could have been allayed by his seeking a bill of particulars. Further, the record, by listing the items and total value of the items allegedly

stolen, is sufficiently detailed to provide the protection sought by the defendant.

■ The information stated the ownership of the stolen property with sufficient clarity. In *Tucker v. State,* 481 S.W.2d 10, 14[2] (Mo. 1972), the court found that ownership, described in an information as "the property of Welsh Packing Company", "could hardly have been alleged more definitely". The information before us uses the identical language approved in *Tucker v. State, supra,* and presents a clear and definite statement of ownership.

The judgment is affirmed.

WEIER, P. J., and CLEMENS, J., concur.