STATE of Missouri, Respondent,

v.

Robert MOORE, Appellant.

No. KCD 29106.

Missouri Court of Appeals,
Kansas City District.

Feb. 27, 1978.

Bruce W. Simon, Simon, Simon & Katz, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Robert Moore was convicted of stealing property with a value of over $50.00. Section 560.156, RSMo 1969. The jury assessed his punishment at confinement for ninety days in the Jackson County jail.

On this appeal Moore challenges only the sufficiency of the evidence to permit an inference that he possessed the requisite intent to steal. Affirmed.

The jury could reasonably have found that Moore, in company with another man, entered the Montgomery Ward store at St. John and Belmont Streets in Kansas City about 1:00 P.M. The Director of Security

at the store saw Moore take off his jeans jacket and put on a leather coat from one of the store racks. Moore observed himself in a mirror while wearing the leather coat for about five minutes. Meanwhile his companion was talking to the only sales clerk in the area and requested something which required the clerk to go to the rear of the store. When the clerk left, Moore used a circuitous route to get near the exit where he vaulted a rail and left the building.

The Security Director testified Moore did not talk with any sales clerk before he left nor did he pay anyone.

When Moore saw the Security Director following him outside the store, he began to run but was overtaken. He was returned to the store and stated he had only taken the coat out of the store to show someone and intended to return it.

There was other evidence showing the value of the coat to be over $50.00. Also, other evidence corroborated the testimony of the Security Director concerning Moore's exit from the store and the chase. A police officer who was summoned and arrested Moore stated Moore also made the statement to him that he only intended to take the coat outside to show someone.

In his brief Moore makes some attempt to rely on the first sentence of ¶ 3 of § 560.156 which provides a defense if the person charged with stealing proves that he intended merely to use the chattel and promptly return it. This sentence was found to be unconstitutional in *State v. Commenos*, 461 S.W.2d 9 (Mo.banc 1970). That sentence is not available to aid Moore in this case.

■ The essential question is whether or not the evidence is sufficient to support an inference from the direct evidence of Moore's actions that he possessed intent to permanently deprive Wards of the leather coat. In considering the evidence, "the facts in evidence and all favorable inferences reasonably to be drawn therefrom must be considered in the light most favorable to the state and all evidence and inferences to the contrary must be disregarded." *State v. Franco*, 544 S.W.2d 533, 534[1–4] (Mo. banc 1976). Thus, on this appeal the statements by Moore that he intended only to take the coat out to show someone must be disregarded.

■ Of course, intent is rarely shown by direct evidence, but may be proven by reasonable inferences to be drawn from the evidence. In this connection a jury is entitled to infer that a person intends the natural and probable consequences of his intentional acts. *State v. Ahern*, 546 S.W.2d 20, 21[1, 2] (Mo.App.1976).

■ Taking the evidence and all inferences to be reasonably drawn therefrom most favorable to the verdict and disregarding all unfavorable evidence thereto, it is clear there was sufficient evidence before the jury from which a reasonable inference could be drawn that Moore intended to permanently deprive Wards of the coat. The jury could reasonably believe Moore's companion deftly maneuvered the one sales clerk out of the area and Moore's circuitous route toward the exit was designed to conceal his movements. His haste in leaving by vaulting a rail and the fact he broke into a run outside the building when he discovered he was being followed all support a reasonable inference that Moore intended to steal the coat from Wards. *State v. Garner*, 538 S.W.2d 937 (Mo.App.1976).

The judgment is affirmed.

All concur.