**CITY OF ST. JOSEPH, Missouri, Plaintiff-Respondent,**

v.

**Kenneth DALY, Defendant-Appellant.**

**No. WD 32837.**

Missouri Court of Appeals, Western District.

March 2, 1982.

Thomas R. Summers, Utz, Litvak, Thackery, Utz & Taylor, St. Joseph, for defendant-appellant.

R. Edward Murphy, Asst. City Atty., St. Joseph, for plaintiff-respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Kenneth Daly was convicted by a jury on a trial de novo of stealing in violation of the ordinances of the City of St. Joseph. The jury assessed his punishment at a fine of $166.

On this appeal Daly contends error in the verdict directing instruction. Reversed and remanded.

The testimony adduced by the City and that given by Daly himself coincide almost verbatim. That testimony agreed that in October, 1980, Daly was in a Montgomery Ward store in St. Joseph when he picked up a rotary tool kit from a shelf, placed it under his coat and left the store without paying. The testimony agrees that Daly went to his car in the parking lot outside the store, and after leaning in the car, closed the door and returned to the store. After remaining in the store a few minutes, he again returned to his car and this time got in and started the motor, but then shut the motor off and again entered the store. On this trip Daly had the kit under his arm and returned it to the shelf from whence he had taken it. The taking of the kit and Daly's two subsequent trips into the store were observed by various Ward's employees.

Daly testified in his own behalf and stated that he was looking at the tool kits and did not remember anything that occurred until he was standing outside the store and realized he had a kit concealed under his coat. He decided he would return the kit and made two trips back into the store before he finally felt that he was not being observed to the extent that he could leave the kit on the shelf from which he had taken it. Daly maintained that he could not remember the actual taking and denied that he had any intent to take the kit.

The St. Joseph ordinance declared it to be unlawful for any person to intentionally steal the property of another, either without his consent or by means of deceit. "Steal" was defined to mean: "to appropriate by exercising dominion of property in a manner inconsistent with the rights of the owner."

Daly first contends the verdict directing instruction was erroneous because it failed to require the jury to find that Daly had intentionally stolen the tool kit. The instruction required the jury to find that Daly "appropriated" the kit without the consent of Wards by taking it in a manner inconsistent with the rights of the owner. The instruction did not require the jury to find that Daly had intentionally taken the kit.

■ Generally a voluntary judicial admission of fact made by a defendant in a criminal case before a jury dispenses with proof of the actual fact and is conclusive on him for the purposes of that case. For this reason it is not necessary to submit the fact judicially admitted as an issue for the jury to decide. *State v. Kimbrough*, 350 Mo. 609, 166 S.W.2d 1077, 1082 (1942). While Daly did admit that he was on the outside

of the store with the kit under his coat, he maintained that he did not have an intent to take the kit because he had no memory of having taken it. He steadfastly denied any intent to steal the kit.

Because the ordinance required that the stealing be intentional and because Daly steadfastly denied any intent to steal the kit because of a lack of memory of ever having taken it, it was necessary that the element of intent be submitted to the jury. By omitting this necessary element of the offense, the instruction was in error. *State v. Singleton*, 602 S.W.2d 3, 8[7–9] (Mo.App. 1980). That is not to say that the denial of intent on the part of Daly was conclusive on the jury. The jury was entitled to infer from the acts which Daly admitted, together with the other facts shown in evidence, that Daly's taking of the kit was intentional. *State v. Moore*, 563 S.W.2d 122, 123[2] (Mo.App.1978). However, in view of the requirement that the taking be intentional and the denial of Daly as to his intent, the finding of intent was required to be made by the jury under a proper instruction.

■ Daly next contends the instruction was in error because it failed to define the phrase, "in a manner inconsistent with the rights of the owner." These words are all words of common understanding and meaning and it is not necessary to define such words in an instruction. *State v. Hurvey*, 544 S.W.2d 593, 594[3, 4] (Mo.App.1976). It was not necessary to define these words, nor were such words vague and ambiguous. Likewise, they did not give the jury a roving commission.

■ Daly finally contends the instruction was erroneous because it failed to require a finding that he intended to withhold possession of the kit from Wards permanently. The ordinance did not require that the possession of property which had been taken without the consent of the owner be held by the wrongdoer for any particular length of time. The general rule is that the length of dominion over property which has been stolen is immaterial and that control of the property for even an instant is sufficient to complete the crime. *State v. Williams*, 597 S.W.2d 722, 723[1, 2] (Mo.App.1980).

Absent any requirement in the ordinance that dominion and control over the property be for a specified period of time in the instance when it was taken without the consent of the owner, no particular length of time was required to be shown or submitted to the jury. Certainly in this case the crime was completed when Daly walked out of the store with the kit in his possession after he had failed to pay for it. The City was not required to prove that the kit remained in Daly's possession for any particular length of time after the unlawful taking was shown.

For the omission of the verdict director to include the element of intent, the judgment is reversed and this cause is remanded for further proceedings.

All concur.