**STATE of Missouri, Respondent,**

v.

**Edward Ray COOKSEY, Appellant.**

No. 12552.

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 13, 1982.

David L. Steelman, David S. Limbaugh, Steelman & Limbaugh, Salem, for appellant.

John Ashcroft, Atty. Gen., Sandra K. Stratton, Kristie Green, Asst. Attys. Gen., Jefferson City, for respondent.

FLANIGAN, Judge.

A jury found defendant Edward Ray Cooksey guilty of second degree burglary, § 569.170 RSMo 1978, and he was sentenced to two years imprisonment. Defendant appeals.

Defendant's sole point is that the trial court erred in denying him the right to impeach state's witness Alfred Engelbrecht, a deputy sheriff, with a "prior inconsistent statement concerning a key" which the witness allegedly made at the preliminary hearing.

The place burglarized was the rural home of one Clark. Defendant does not question the sufficiency of the evidence to support the conviction. In general the state's evidence showed that the Clark home was burglarized at approximately 8:42 p.m. on February 4, 1981, by defendant and his accomplice, Lindell Hickman. A silent burglar alarm notified law officers of the entry and

the officers, including witness Engelbrecht, arrived at the house a few minutes after 9 p.m. There was snow on the ground. The officers found no one in the house, which had been forcibly entered and ransacked. By following footprints in the snow the officers found Hickman in the woods nearby. Hickman was in possession of several items taken from the house.

From Hickman the officers learned that defendant was his accomplice. Defendant was arrested by officer Engelbrecht and another officer at approximately 1:00 a.m. That arrest took place at a point on a highway approximately three and one-half miles from the Clark house. Defendant was apprehended while walking along the highway.

In "frisking" the defendant for a weapon, officer Engelbrecht removed a knife from defendant's coveralls. While his hand was in the defendant's pocket searching for weapons, Englebrecht felt, but did not remove, the key. Defendant was then taken to the jail where the key was found among his personal effects at the time an "inventory search" was conducted. The following day Clark, owner of the house, identified the key as his property. Clark testified that the key unlocked a drawer in a dresser located on the second floor of his house.

Testifying in his own behalf, defendant admitted going to the Clark house with Hickman. Defendant, however, denied that he entered the house and he claimed that he fled from the scene when he realized Hickman was going to commit the burglary. Clearly the presence of the key in defendant's pocket was most incriminating and that evidence was emphasized by the prosecutor in his final argument to the jury.

During the cross-examination of officer Engelbrecht by defense counsel, the following occurred:

"Q. You did not testify at the preliminary hearing that you found a key, did you?

"A. I don't recall.

"Q. You do not recall at any time at the preliminary ever mentioning that key do you?

"A. I don't recall, no."

Referring to the foregoing testimony as "laying a proper foundation," defendant's brief makes this statement: "On cross-examination defendant, after laying a proper foundation, attempted to read a portion of the transcript from defendant's preliminary hearing in this case containing an inconsistent· statement made by Deputy Engelbrecht. (T. 141) The deputy testified at the preliminary hearing that he had mentioned all of the items that were seized from the defendant. (T. 141) In identifying those items, Deputy Engelbrecht curiously omitted this all important key from his admittedly all encompassing list of items seized from the defendant."

Examination of p. 141 of the transcript, the page referred to in the above quotation, shows that the trial court did not permit defense counsel to cross-examine the witness on the basis of p. 12 of the transcript of the preliminary hearing. The following offer of proof was made:

"DEFENSE COUNSEL: I would like to read, or I wish to read to the jury the question on page 12 of this transcript by the Prosecuting Attorney at the preliminary hearing which says, I quote, 'All the items that you are taking out of that bag, were either in his pockets or on the ground?' I would like to read the answer by Officer Engelbrecht. 'Yes.' I wish to read the jury the next question by the Prosecuting Attorney. 'Okay. Would you put them into the bag now?' I would like to, wish to read to the jury the answer by Officer Engelbrecht. 'Yes, sure. I'm sorry, this was Mr. Cooksey's knife, but these items were either there [or] on the ground.'"

"It is, of course, an elementary rule of evidence that prior statements may be used to impeach the credibility of a criminal defendant or an ordinary witness. But this can be done only if the judge is satisfied that the prior statements are in fact inconsistent. 3 Wigmore, Evidence, § 1040." *Grunewald v. United States,* 353 U.S. 391, 77 S.Ct. 963, 981[20], 1 L.Ed.2d 931 (1957). To the same effect see: *State v. Nimrod,*

484 S.W.2d 475, 478[1] (Mo.1972); *State v. Jones,* 629 S.W.2d 589, 591[1] (Mo.App. 1981); *State v. Simmons,* 559 S.W.2d 557, 560[7] (Mo.App.1977).

The flaw in defendant's position is that the excerpts from p. 12 of the transcript of the preliminary hearing refer to Engelbrecht's testimony concerning what he found in Hickman's pockets or on the ground near Hickman when Hickman was arrested. The witness was not referring to the items, including the key, found on defendant's person. As the state's excellent brief points out, "[t]he incontrovertible fact that defendant chooses to ignore is that these two statements refer to two different people."

Defendant made no showing to the trial court (or to this court) that Engelbrecht's testimony at the preliminary hearing was in fact inconsistent with his testimony at the trial. Defendant's point has no merit.

The judgment is affirmed.

GREENE, C.J., and MAUS and PREWITT, JJ., concur.