**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Mikel Leon FRANKS,
Defendant-Appellant.**

No. 46724.

Missouri Court of Appeals,
Eastern District,
Division Eight.

Oct. 30, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Feb. 13, 1985.

Application to Transfer Denied
April 2, 1985.

compatible with accepted Missouri judicial practice.

William Barvick, Jefferson City, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, for plaintiff-respondent.

MELVYN W. WIESMAN, Special Judge.

Defendant, Mikel Leon Franks, appeals from a conviction for burglary in the second degree and stealing without consent, both class C felonies. He was sentenced to a term of seven years imprisonment on each charge, to be served consecutively. We affirm.

On January 1, 1982 at about 6:00 p.m. Harold and Betty Schaffer left their residence in a farmhouse located near Taos in Cole County to visit a son in Holts Summit. When they left, the back door was closed but unlocked. Another son, who lived in the house, was away, hunting. Neither gave permission for anyone to enter the house. When they left, the house and its contents were in normal condition. When they returned around 11:30 p.m., the back door was still closed and unlocked. Inside, the premises were in abnormal disarray. A china closet door had been ripped off. All of the sheets and pillow cases had been pulled out. A madonna had its head knocked off. A puppy belonging to their son was dead. Model cars, pictures and trophies of their son were broken. Other damages also were observed. Numerous items of property were missing, including a sweeper having a value of $700, their son's TV set, a scanner, a pocket watch, several items of jewelry, clothing and other items of personal property. Subsequently, items taken from the residence were found in the possession of Michael Powell, who was charged and tried in the joint trial with the defendant. Items were also found in the general vicinity of defendant's residence.

On appeal, defendant contends the trial court erred: (1) in trying defendant for stealing when it lacked jurisdiction because the information charging the crime was fatally defective; (2) in permitting the state to introduce preliminary hearing testimony of a witness who refused to testify at the trial; (3) in permitting the state to introduce evidence of another crime; (4) in not admitting into evidence certain of the defendant's exhibits; and (5) in not submitting the issue of punishment to the jury when the court failed to make a specific finding that defendant was a prior persistent offender before the cause was submitted to the jury.

Defendant first challenges the sufficiency of the information contending it was "fatally defective" because the description of the stolen property as "personal property" was inadequate to describe the property with sufficient definiteness to bar a subsequent prosecution for the same offense and to inform the defendant of the charge against him. Defendant raises the argument for the first time on appeal. We consider defendant's argument under plain error. Rule 30.20.

Defendant has cited us to *State v. Jeffords*, 64 S.W.2d 241 (Mo.1933) in which it was held that an information charging the accused with the crime of larceny by stealing "merchandise" was not sufficient to bar a subsequent prosecution and, therefore, was not sufficient to support the judgment. However, in *State v. Rose*, 428 S.W.2d 737 (Mo.1968), an information which charged stealing from a jewelry store of "goods, wares and merchandise, personal property of . . ." in conjunction with a burglary was found sufficient. Although the court said it was preferable to state more specifically a description of the property claimed to be stolen, a defendant may request a bill of particulars to inform himself of the desired details. Rule 23.04. The court further noted that provisions for a bill of particulars were not adopted until 1952. *State v. Rose*, 428 S.W.2d at 741. This court, further, has held that an information charging stealing from a commercial establishment of "goods, wares, chattels, and personal property" was sufficient and "[d]efendant's apprehension that future prosecution might occur could have been allayed by his seeking a bill of particulars." *State v. Ahern*, 546 S.W.2d 20, 21 (Mo.App.1976).

■ In the present case where the alleged stealing was from individuals, as compared to commercial establishments, and where the information is otherwise in conformity with MACH–CR 24.02.1, the description of the stolen property as "personal property" is sufficient to vest the court with jurisdiction. The defendant waived any right to obtain additional desired details by his failure to request a bill of particulars. *State v. Frankum,* 425 S.W.2d 183, 189 (Mo.1968).

Defendant next alleges the trial court erred in permitting the state to introduce the preliminary hearing testimony of Marcus Branch, with whom defendant is alleged to have committed the offenses charged. At trial the state called Branch as a witness. He refused to answer on the grounds of self-incrimination. After a hearing out of the presence of the jury, the court determined that Branch was unavailable to the state as a witness as a result of his claim of that privilege. The state then offered into evidence the transcript of the preliminary hearing testimony of Branch. Over objections of defendant that the admission of the transcript would violate defendant's right of confrontation under the Sixth Amendment to the United States Constitution, the trial court admitted the transcript.

■ In *State v. Holt,* 592 S.W.2d 759 (Mo. banc 1980), the court held that a transcript of preliminary hearing testimony of a witness who exercised her fifth amendment privilege against self-incrimination and refused to testify was admissible. Contrary to the allegations of the defendant in that case that the admissibility violated the defendant's right to confront and cross-examine the witness in violation of the Sixth and Fourteenth Amendments to the United States Constitution, the court found that "[a]n exception to the confrontation requirement exists where a witness is unavailable and has given testimony which was subject to cross-examination at previous judicial proceedings against the same defendant." *State v. Holt,* 592 S.W.2d at 765. See also, *Ohio v. Roberts,* 448 U.S.

56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). A witness is unavailable if he claims his privilege against self-incrimination. *State v. Phillips,* 511 S.W.2d 841, 847 (Mo.1974). In the instant case, the trial court, after a hearing, determined Branch was not available. An examination of the preliminary hearing record reflects further that the defendant was represented by counsel and was granted not only a reasonable opportunity to cross-examine Branch but did conduct an extensive cross-examination. This court, therefore, finds no violation of defendant's Sixth or Fourteenth Amendment rights by the use of the preliminary hearing transcript. This allegation of error is rejected.

■ Defendant further claims that *State v. Holt, supra,* is not applicable to the present case since, in *Holt,* there was ample testimony upon which that defendant could have been convicted independent of the preliminary hearing testimony. The availability of other evidence was not an issue in *Holt,* and we hold that the lack of other confirmatory evidence is not a significant factor barring use by the state of testimony.

■ Defendant further alleges that the use of the preliminary hearing transcript of Branch's testimony violates rights afforded the defendant under Article I, Sections 18(a) and 18(b) of the Missouri Constitution. The defendant did not raise this ground for exclusion of the transcript in the trial court at the time it was offered. He raised it for the first time in his motion for new trial. To preserve an alleged error for review on appeal an adequate specific objection must be made at the earliest possible opportunity in the progress of the trial. *State v. Simmons,* 500 S.W.2d 325, 328 (Mo.App.1973). "A point on appeal must be based upon the theory voiced in the objection at trial and a defendant cannot expand or change on appeal the objection as made." *State v. Cannady,* 660 S.W.2d 33, 37 (Mo.App.1983). The defendant did not raise these grounds at the earliest possible opportunity and has attempted to expand and change the ground initially

alleged at trial. Further, defendant has failed to argue these points in his brief and has failed to cite authority in support of the points. Where an appellant claims error, "[his] failure to pursue the point by argument and cite authority for its support constituted abandonment or waiver of the point on appeal." *State v. Harris*, 670 S.W.2d 73, 81 (Mo.App.1984). For all the foregoing reasons, the defendant failed to preserve the alleged errors and waived them.

Within those portions of the preliminary hearing transcript of the testimony of Marcus Branch read to the jury, the defendant also complains the trial court erred in permitting evidence of other crimes. In his brief defendant sets forth the allegedly erroneous testimony. Paraphrased, the testimony reveals that at some time after 6:00 p.m. on January 1, 1982, the defendant, Marcus Branch and Michael Powell were in a car driven by the defendant and were headed to the home of Branch's grandparents to "hit a safe and get some jewelry plus the guns, if we can find them." When they discovered that Branch's grandparents were home that evening, they left that location and went to the Schaffer residence, where they committed the acts for which defendant was charged. Over the objection of defendant, the trial court admitted the testimony on the grounds it was probative of the issue of intent.

■■■ As a general rule, evidence of a crime other than the crime charged is inadmissible. *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304, 307 (1955). However, "evidence of other crimes is competent to prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; (5) the identity of the person charged with the commission of the crime on trial." *State v. Reese, id.* "Equally well recognized, in our state, is the parallel exception which permits proof of another crime, if the other crime is so linked togeth-

er in point of time and circumstances with the crime charged that one cannot be fully shown without proving the other." *State v. King*, 588 S.W.2d 147, 150 (Mo.App. 1979). In the instant case, the trial court specifically ruled that the evidence was probative of intent. We cannot find any error in that ruling. The evidence also was necessary to establish a complete and coherent picture of the events leading to the commission of the crimes.

Defendant next alleges the trial court erred in refusing to admit certain of his tendered exhibits, which were letters of Marcus Branch written subsequent to the preliminary hearing and his written statement in the form of a motion. Defendant alleges these exhibits contained statements inconsistent with Branch's preliminary hearing testimony. He further alleges the statements were relevant and material evidence of motive of Branch to falsely implicate defendant and the failure to admit them invaded the province of the jury and deprived defendant of his right to impeach and cross-examine the witness. At trial, the court found that the letters were letters of Marcus Branch and permitted their introduction into evidence subject to its ruling upon the submission of portions of the letters to the jury. Defendant attempted to use the statements to impeach Branch's prior preliminary hearing testimony. The state objected on the ground the letters contained nothing inconsistent with the prior testimonial transcript of Branch. The court concurred in that allegation specifically finding no inconsistency.

■■■ The relevancy of the evidence to establish motive of Branch to falsely implicate defendant does not make the exhibit admissible where that evidence is excludable under other evidentiary rules. It is not error to exclude evidence inadmissible under a rule of evidence. The extra-judicial statements by Branch in the exhibits clearly were hearsay. *State v. Ivicsics*, 604 S.W.2d 773 (Mo.App.1980). The trial court implicitly found so in its exclusionary ruling. The issue, then, is whether the statements fall within an exception to the hear-

say rule. Both the prosecuting attorney and the court presumed the exhibits were being offered to impeach the statements of Branch as prior inconsistent statements. Both said so on the record. Defendant did nothing to indicate the exhibits were being offered under any other exceptions. His allegation of error is consistent with that position. Prior statements may be used to impeach the credibility of a witness, but this can be done only if the judge is satisfied that the prior statements, in fact, are inconsistent. *State v. Cooksey,* 643 S.W.2d 632, 633 (Mo.App.1982). Absent the threshold showing of an inconsistency between the testimony and the statements contained within the proffered exhibits, use of the exhibits to impeach is questionable. *State v. Jones,* 629 S.W.2d 589, 591 (Mo. App.1981); *State v. Ivicsics,* 604 S.W.2d at 773.

■■■■ Usually, one seeking to impeach a non-party witness must lay a foundation by asking the witness "whether he made the prior statement, quoting it and the precise circumstances under which it is made. If the witness admits making the statement, he stands impeached. If the witness denies or equivocates about having made the statement, the examiner may then introduce evidence showing the witness did make the prior inconsistent statement." *Englebert v. Flanders,* 670 S.W.2d 19, 21 (Mo.App.1984); *Aboussie v. McBroom,* 421 S.W.2d 805 (Mo.App.1967). Where, however, the testimony to be impeached is prior preliminary hearing testimony and the impeaching statements were made subsequent to the preliminary hearing, the party seeking to introduce the subsequent statements as prior inconsistent statements for the purposes of impeachment need not lay that foundation. *State v. Ivicsics,* 604 S.W.2d at 780. However, even that exception does not abrogate the necessity that the party seeking to introduce the allegedly inconsistent statement direct the court to the portion of the witness's testimony the offering party seeks to impeach. Defendant did not direct either the trial court or this court to the specific portions of Branch's preliminary hearing testimony he sought to impeach. Absent a clear abuse of discretion an appellate court will not fault the trial court's rulings limiting admission of evidence. *State v. Jones,* 629 S.W.2d at 591. We have examined the preliminary hearing transcript and the proffered exhibits and find no error in the ruling of the trial court.

■■■■ Finally, defendant alleges the trial court erred in not submitting the issue of punishment to the jury because it failed to make a specific finding that the defendant was a prior or a persistent offender before the case was submitted to the jury. The information charging the defendant alleged he was a "prior offender and a persistent offender." Prior to the close of the state's case, evidence was presented of prior felony convictions of defendant. In response to that evidence the following dialogue occurred:

> *Mr. Aulgur* (Prosecuting Attorney): ... I think the court has sufficient grounds to find that he is at least a prior offender. Not that I am waiving that he is also a persistent offender, but that a hearing could be held sometime later, if we cross that bridge, assuming he is convicted, as to whether or not he is actually a persistent offender.
>
> *THE COURT:* Yes, I believe that would be true. Certainly there's sufficient evidence, here, and I will admit them into evidence. It shows at least on some prior occasion there has been a plea of guilty and a sentence against Mikel Franks. They will be admitted.

The court, clearly, found defendant was, at least, a prior offender. That finding was made prior to submission of the cause to the jury, all in accordance with Section 558.021, RSMo., Supp.1981. Defendant's allegation of error is without merit.

The judgment is affirmed.

PUDLOWSKI, P.J., and WILLIAM E. TURNAGE, Special Judge, concur.