STATE of Missouri, Respondent,

v.

Michael POWELL, Appellant.

No. 46854.

Missouri Court of Appeals,
Eastern District,
Division Seven.

Dec. 4, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 22, 1985.

Application to Transfer Denied
Feb. 26, 1985.

Douglas L. Levine, Public Defender, Union, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

BRUCE NORMILE, Special Judge.

Defendant, Michael W. Powell, appeals from convictions and consecutive seven year sentences on counts of Burglary in the Second degree and Stealing over $150.00.

Appellant was tried jointly with a co-defendant, Mikel Leon Franks, charged with the same offenses. A co-defendant, Marcus Dale Branch, had previously pled guilty and had testified at the defendant's preliminary hearing. At that time Branch fully implicated defendant in the commission of the crimes. However, when called by the State to testify at appellant's trial, Branch refused to answer on the grounds of self incrimination. Thereafter the Prosecutor read into evidence portions of Branch's testimony from the preliminary hearing transcript.

Appellant's first point asserts error in the reading of the preliminary hearing transcript at trial.

■ The parties agree that an exception to the confrontation requirement of the Sixth Amendment exists where a witness is unavailable and has given testimony which was subject to cross examination at a previous judicial proceeding against the same defendant. *Barber v. Page*, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968); *State v. Holt*, 592 S.W.2d 759, 765–766 (Mo.Banc 1980). The witness is held to be "unavailable" by reason of asserting his privilege against self incrimination. *California v. Green*, 399 U.S. 149, 166, 90 S.Ct. 1930, 1939, 26 L.Ed.2d 489, 502 (1970); *State v. Phillips*, 511 S.W.2d 841, 847 (Mo. 1974). *State v. Ivicsics*, 604 S.W.2d 773 (Mo.App.1980).

■ Although appellant recognizes these rules he further contends that Branch had waived his fifth amendment rights by previously pleading guilty; and thus Branch was not truly "unavailable" so that the transcript could be read at trial. However: "The privilege applies to the particular pro-

ceeding only. Consequently, the fact that the witness previously testified before a grand jury or some other hearing does not effect a waiver for trial at bar." 8 Wigmore, Evidence Sec. 2276(1) (McNaughton Rev. 1961, Reiser, 1984 Supp. p. 95.) *United States v. Trejo-Zambarno*, 582 F.2d 460, 464 (9th Cir.1978), *cert. denied*, 439 U.S. 1005, 99 S.Ct. 618, 58 L.Ed.2d 682 (1978).

Appellant also asserts that Branch was "unavailable" to come within the confrontation exception because the trial court did not compel Branch to offer testimony to the point at least where one could reasonably assume that he might incriminate himself; and that the right to confrontation was thus denied.

■ In this respect the privilege against self incrimination extends not only to refusing to answer the question asked, but to refusing to explain how the answer might incriminate the witness. Appellant had a burden to rebut the presumption that the answer might tend to incriminate the witness; when in fact, he argued that the privilege should be allowed. He can not now complain in this respect. *State ex rel. Lee v. Cavanaugh*, 419 S.W.2d 929, 934 (Mo.App.1967).

Appellant finally contends that the exception to the confrontation clause does not apply in this case because he was not effectively represented by counsel at the preliminary hearing and was thus deprived of his right to confrontation and cross examination. Appellant essentially asserts that he was in effect without counsel at preliminary hearing because he was represented by the Assistant Public Defender of Cole County while co-defendant Branch was represented by the Public Defender of Cole County; and that this conflict of interest was so strong that he was without counsel. It may be noted that appellant was represented by other employed counsel subsequent to the preliminary hearing and at time of trial.

■ Requiring or permitting a single attorney to represent co-defendants is not per se violative of constitutional guaran-

tees of effective assistantance of counsel. *Holloway v. Arkansas*, 435 U.S. 475, 476, 98 S.Ct. 1173, 1174, 55 L.Ed.2d 426 (1978). "Absent special circumstances, therefore, trial courts may assume either that multiple representation entails no conflict or that the lawyer and his client knowingly accept such risks of conflict as may exist ... In order to establish a violation of the sixth amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyers performance." *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Dukes v. Warden*, 406 U.S. 250, 92 S.Ct. 1551, 32 L.Ed.2d 45 (1972); *King v. State*, 639 S.W.2d 396, 397 (Mo.App.1982).

In this case, a conflict of interest did not arise until Branch began to implicate the defendant in the commission of the crimes involved. However, the record establishes that Branch did not agree to testify against defendant until the morning of the preliminary hearing. Branch had previously pled guilty. Defendant did secure other counsel after the preliminary hearing. The only specific complaint defendant makes concerning his counsel at the preliminary hearing relates to the failure of his attorney to cross examine Branch. In fact there was very extensive cross examination of Branch at the preliminary by the attorney's for defendant Franks. Appellant does not demonstrate nor does it appear that any additional cross examination was necessary. There is no showing of any action by counsel which was detrimental to the interest of the defendant and advantageous to the interests of Branch. See *State v. Johnson*, 549 S.W.2d 348, 350 (Mo. App.1977); *State v. Abbott*, 654 S.W.2d 260 (Mo.App.1983).

Appellants next point asserts that the trial court erred in allowing proof of the commission of a separate and distinct crime. Branch's testimony from the transcript indicated that immediately prior to committing the crimes in issue, Branch, Appellant and Franks had planned to commit a similar crime at Branch's grandparents' residence. When the three arrived at the grandparents' house, it was discovered that the grandparents were there. The three then immediately proceeded approximately two miles to the residence of the victims and committed the crimes there only a few minutes later.

The general rule provides that evidence of the commission of separate and distinct crimes is inadmissible unless it has a legitimate tendency to establish that the defendant is guilty of the crime of which he is charged. Such evidence is admissible to prove the crime charged when it tends to establish motive, intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related that proof of one tends to establish the other, or the identity of the person charged with the commission of the crime on trial. *State v. Shaw*, 636 S.W.2d 667 (Mo.Banc 1982); *State v. Jones*, 652 S.W.2d 223 (Mo.App.1983); Missouri Evidence Restated Sec. 404(b). It has been recognized that caution must be exercised with respect to the admission of this type of evidence and that it should be subjected to rigid scrutiny. *State v. Carter*, 475 S.W.2d 85 (Mo.1972); *State v. Darnell*, 639 S.W.2d 869 (Mo.App.1982). However, in the instant case we do not find an abuse in the trial court's discretion in allowing the evidence to establish motive, intent and a common scheme or plan in view of the evidence as to the immediate transfer of intent to burglarize the grandparents to an intent to burglarize the victims, the close proximity of the victim's home to that of the grandparents and the very brief time span between the transfer of intent and the burglary. This point is denied.

Appellant next asserts error because the trial court did not dismiss Count II of the information charging appellant with having "appropriated personal property". Appellant asserts that the information did not state with particularity what property was appropriated, citing *State v. Jeffords*, 64 S.W.2d 241 (Mo.1933). In *Jeffords*, an information describing stolen property as "merchandise" was found to be insuffi-

cient. However, *Jeffords* was distinguished in *State v. Rose,* 428 S.W.2d 737, 741 (Mo.1968). In *Rose* an information, describing the property as "goods, wares, merchandise or other valuable things ...", was found to charge the essential facts of the offense of stealing and was held to be sufficient. *Rose* held that the defendant should have filed a bill of particulars under the rule if the information was lacking in detail as to the description of the stolen property. See Rule 23.04 V.A.M.R.. It noted that *Jeffords* had been ruled before the adoption of the criminal rule providing for a bill of particulars.

 Section 570.030 RSMo.1979 provides that: "A person commits a crime of stealing if he appropriates property or services of another with a purpose to deprive him thereof ...". The information here follows the language of the statute and is sufficient. *State v. Pulis,* 579 S.W.2d 395 (Mo.App.1979); *State v. Davis,* 624 S.W.2d 72 (Mo.App.1981); *State v. Ridinger,* 589 S.W.2d 110 (Mo.App.1979). The failure to request a bill of particulars may waive the failure of an information to give all desired detail. *State v. Pulis,* supra. The point is denied.

Defendants last point asserts error because Defendants Exhibits D through I were excluded from evidence. Exhibits D through H were letters written by Marcus Branch to his aunt, appellant's wife, alleged to contain statements inconsistent with his testimony at the preliminary hearing. Exhibit I was a statement which contained the following language: "I, Marcus Branch, under the protection of the Constitution of the United States and of the Due Process of Law would like to withdraw my statements against Mikel Leon Franks and Michael W. Powell for the reason that my statements were made under (Coercion) by the arresting officers."

 Missouri Evidence Restated, Sec. 613(a), page 6–49, (Mo.1984) states the general rule: "Prior statements of a witness, whether written or oral, which are inconsistent with the testimony of that witness at trial are admissible for the purpose of impeaching the credibility of that witness." Also see *State v. Granberry,* 491 S.W.2d 528 (Mo.Banc 1973); *State v. Davis,* 566 S.W.2d 437 (Mo.Banc 1978). Wigmore suggests "... that a prior self-contradiction shows 'a defect either in the memory or in the honesty' of the witness ..." 3A Wigmore, Sec. 1017 page 993 (Chadbourn Revision 1970). The rule is applied where the evidence sought to be impeached is a declaration received at trial by the admission of a preliminary hearing transcript of the testimony of a witness claiming the fifth amendment at trial. *State v. Ivicsics,* 604 S.W.2d 773, 780–81 (Mo.App.1980).

 The statements set forth in the letters here are vague and uncertain and would tend to create confusion and speculation. See *State v. Umfrees,* 433 S.W.2d 284, 286 (Mo.Banc 1968). Isolated words or phrases will not suffice as a basis for the necessary contradiction. *State v. Nimrod,* 484 S.W.2d 475, 478 (Mo.1972).

Exhibit I presents a somewhat different problem. This statement is not necessarily inconsistent with the truth of Branch's preliminary hearing testimony; but it could be inconsistent. It can be implied from Exhibit I that Branch's preliminary hearing statements were true, but they were coerced. If that is the meaning of Exhibit I, it is not inconsistent with Branch's testimony in the transcript as to the details of the crime and defendant's participation; and Exhibit I would not be admissible. On the other hand it might be implied from Exhibit I that, because the statements were coerced, they were untrue. If that is the meaning of Exhibit I, it would then be inconsistent with Branch's testimony at the preliminary hearing; and Exhibit I would be properly admitted. If Branch had testified in person at trial, he could have been cross examined about this statement and its meaning. Exhibit I could then have been received or refused depending upon his answer. However, because Branch was unavailable, the statement in Exhibit I could only be ambiguous, and a "real inconsistency" was not present.

Wigmore suggests that there "... must, of course, be a real *inconsistency* [emphasis in text] between the two assertions of the witness. The purpose is to induce the tribunal to discard the one statement because the witness has also made another statement *which cannot at the same time be true.* [emphasis added] ... This inconsistency is to be determined, not by individual words or phrases alone, but by the *whole impression or effect* [emphasis in text] of what has been said or done." 3A Wigmore Evidence Sec. 1040 page 1048 (Chadbourn Revision 1970). Under the circumstances of this case, the jury would not have had two statements before it *which could not at the same time be true* without resorting to speculation as to the meaning of Exhibit I. "To impeach the hearsay must be inconsistent with the whole effect and impression of the witness testimony." *State v. Nimrod,* supra; 98 C.J.S. Witnesses, Sec. 583, p. 558. However, there was other evidence at trial about Branch's statement to another witness to the effect that the statements had been coerced but that defendant and Franks had participated in the crimes in issue. Under all the circumstances the exclusion of this evidence was within the trial court's discretion. See *State v. Jones,* 629 S.W.2d 589, 591 (Mo. App.1981). This point is also denied.

Finding no error the judgment is therefore affirmed.

CRIST, C.J., and E. RICHARD WEBBER, Special Judge, concur.