Michael Wayne POWELL, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 53591.

Missouri Court of Appeals, Eastern District, Division One.

April 26, 1988.

Nancy A. McKerrow, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion following an evidentiary hearing. We affirm.

Movant was found guilty by a jury of second degree burglary and stealing $150 or more and sentenced to consecutive terms of seven years' imprisonment. He appealed and we affirmed in *State v. Powell*, 684 S.W.2d 514 (Mo.App.1984).

Movant filed a pro se Rule 27.26 motion, amended following appointment of counsel, in which he alleged, among other matters not germane to this appeal, that he was denied his constitutional right to confront the witnesses against him in that his counsel at his preliminary hearing failed to cross-examine co-defendant Marcus Branch who had pled guilty and because the judge who presided over the preliminary hearing limited cross-examination of witnesses to the issue of probable cause. Following an evidentiary hearing, the court entered find-

ings of fact and conclusions of law and denied relief to movant.

On appeal, movant contends

the record clearly indicates that the preliminary hearing testimony of Marcus Branch was used against [movant] at trial after Branch invoked his Fifth Amendment right not to incriminate himself and refused to testify despite the fact that [movant's] counsel at the preliminary hearing failed to cross-examine Branch, and ... Associate Circuit Court Judge Wilson limited cross-examination at preliminary hearings to the issue of probable cause.

On direct appeal, movant contended that the "unavailable witness" exception to the confrontation clause "does not apply in this case because he was not effectively represented by counsel at the preliminary hearing and was thus deprived of his right to confrontation and cross examination." *Powell*, 684 S.W.2d at 516. In *Powell*, we noted that movant specifically complained that his counsel failed to cross-examine Branch at the preliminary hearing and observed,

there was very extensive cross examination of Branch at the preliminary [hearing] by the attorneys for defendant Franks. [Movant] does not demonstrate nor does it appear that any additional cross examination was necessary. There is no showing of any action by counsel which was detrimental to the interest of the [movant] and advantageous to the interests of Branch.

*Id.* at 517 (citations omitted).

When an issue is raised and decided on direct appeal, a movant cannot obtain another review of that issue in a Rule 27.26 proceeding, even if he offers a different theory. *Sweazea v. State*, 515 S.W.2d 499, 501 (Mo. banc 1974). Movant's appeal in this proceeding is founded on an alleged violation of his rights under the confrontation clause, an issue raised and decided on direct appeal. An additional factual allegation, i.e., the court's limitation on cross-ex-

amination at the preliminary hearing, does not allow him to raise the issue again.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.