**Ronald Stanley KING, Plaintiff-Appellant,**

**v.**

**STATE of Missouri, Defendant-Respondent.**

**No. 44427.**

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 7, 1982.

Charles H. Billings, St. Louis, for plaintiff-appellant.

John Ashcroft, Atty. Gen., Nancy Kelly Baker, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

SNYDER, Judge.

Movant appeals from a judgment denying, after an evidentiary hearing, his Rule

27.26 motion for post-conviction relief. Movant was convicted of sodomy and assault with intent to do great bodily harm in violation of § 563.230 and § 559.180, RSMo. 1969. The conviction was affirmed on appeal. *State v. King,* 588 S.W.2d 147, 149 (Mo.App.1979).

Movant claims the trial court erred in finding no ineffective assistance of counsel, because his counsel, Allan Goodloe and Charles Shaw, had a conflict of interest when they represented movant's co-defendant, Paul Seemiller, in Seemiller's separate trial. Movant also claims Goodloe failed to investigate available material witnesses. The judgment is affirmed.

Movant and Seemiller, movant's brother-in-law, were charged with sodomizing and assaulting Anna Cruce on August 13, 1975. The acts occurred in the back seat of a car that the two men were driving from St. Louis to St. Charles. The men traded places driving and being in the back seat with the victim several times during the trip. The two men hired Shaw's law firm to represent them. Shaw's associate Goodloe handled both cases.

■ Appellate review of a Rule 27.26 motion is limited to a determination of whether the trial court's findings, conclusions, and judgment are clearly erroneous. Rule 27.26(j); *Hogan v. State,* 604 S.W.2d 634, 635[1] (Mo.App.1980). The findings and conclusions are clearly erroneous only if, after review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Quinn v. State,* 515 S.W.2d 603, 605[1] (Mo.App.1974).

The movant first contends that a conflict of interest denied him effective assistance of counsel. The point is denied.

■ To establish that a conflict of interest denied him the right to effective assistance of counsel, movant must show an actual conflict of interest which adversely affected the defense counsel's performance. *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 1718[19], 64 L.Ed.2d 333 (1980).

■ Goodloe interviewed both movant and Seemiller several times. Originally both men claimed Ms. Cruce consented to the activity. However, consent was not a defense to sodomy at that time. § 563.230, RSMo. 1969.

At his May 18, 1976 trial, movant said he never got into the back seat during the trip. He also claimed that Seemiller and the victim were in the back seat for part of the trip, but that he, movant, did not see or hear anything that was going on. On cross-examination, the prosecution attacked the reasonableness of this claim. On redirect, Goodloe brought out the fact that Seemiller was movant's brother-in-law in an effort to convince the jury that the only reason movant claimed not to see anything was to protect Seemiller.

Seemiller had told a completely different story at his separate March 16, 1976 trial. Because of the inconsistencies in the two men's stories, Goodloe chose not to call Seemiller as a witness at movant's trial.

However, these facts do not point to any conflict of interest which adversely affected defense counsel's performance. Movant speculates in his brief on what Goodloe could have, should have, or might have done had he not also represented Seemiller. Such speculation fails to reach the level of showing an actual conflict.

Movant also points to Goodloe's attempt, at movant's trial, to show that movant was trying to protect Seemiller. That testimony may show that movant had a personal conflict that limited his ability to effectively testify in his own behalf. The testimony does not, however, establish any actual conflict on the part of movant's counsel.

Movant also cites *Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978) to support his position. In *Holloway,* however, the defense counsel represented three co-defendants in a joint trial in which the co-defendants told conflicting stories. The combination of the joint trial and the conflicting stories created the conflict. To adequately represent one co-defendant, counsel had to attack the other's story and vice versa. Doing this in a joint trial in

that particular case was impossible. Here there were separate trials. *Holloway* is therefore distinguishable. The point is ruled against appellant.

The movant also contends that his counsel failed to investigate all material witnesses, again denying him effective assistance of counsel. This point is also denied.

■ In order to establish ineffective assistance of counsel for failure to investigate witnesses, movant must prove that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and that he was prejudiced thereby. *Seales v. State,* 580 S.W.2d 733, 736[3] (Mo. banc 1979); *Rodgers v. State,* 610 S.W.2d 25, 28[1] (Mo.App.1980).

■ The evidence supported a finding that Goodloe talked to all the witnesses movant presented to him and that Goodloe decided, as a matter of trial strategy, not to use them. One of them had a criminal record and three of the four had been drinking the night of the occurrence. Counsel's trial strategy does not support a finding of ineffective assistance. *Graham v. State,* 605 S.W.2d 535, 536[2, 3] (Mo.App. 1980); *Cole v. State,* 553 S.W.2d 877, 882[5–7] (Mo.App.1977).

Furthermore, the witnesses' testimony would only go to the victim's consent to the act or to getting into the car voluntarily. Consent was not a defense to sodomy at that time. The act complained of was not forcing Cruce into the car, but the assault that occurred during the trip. This was proved by her bloody condition when the police stopped movant's car and arrested him and his brother-in-law. Thus, the failure to use these witnesses in no way prejudiced movant.

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.