**STATE of Missouri, Plaintiff-Respondent,**

v.

**Larry G. CALLAHAN, Defendant-Appellant.**

**No. 45146.**

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 8, 1983.

Motion for Rehearing/Transfer to Supreme Court Denied April 15, 1983.

Application to Transfer Denied May 31, 1983.

Jerry W. Venters and Roger K. Toppins, Jefferson City, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Presiding Judge.

This is an appeal from a judgment convicting appellant of first degree robbery in violation of § 569.020 RSMo.1978. Appellant was found guilty by a jury and sentenced to twenty-five (25) years imprisonment. The judgment is affirmed.

Appellant's five points relied on charge trial court error in: (1) denying appellant's motion for judgment of acquittal at the close of all the evidence; (2) denying appellant's motion in limine to suppress, and overruling his objections at trial to, evidence of an attempted sale of marijuana; (3) failing to give Instruction MAI–CR2d 2.14 to the jury; (4) giving a second degree robbery instruction (MAI–CR2d 2.12, modified by MAI–CR2d 23.04) to the jury; and (5) failing to submit instructions on all possible lesser included offenses of robbery in the first degree. Appellant's last three points relied on relating to instructions were not preserved for review and appellant requests that they be considered as "plain error" justifying reversal.

The victim, an undercover police officer, met appellant and one Ron Dale "Bo" Bainer at appellant's residence in Jefferson City for the purpose of arranging a marijuana purchase. Mr. Bainer refused to deal with the undercover officer unless he paid cash up front for the purchase of the marijuana. The undercover officer refused to turn over the cash. Instead, he counted out the money, four hundred dollars, in the presence of appellant and Bainer in order to demonstrate his good faith.

Bainer continued to refuse to obtain the marijuana from a supplier unless the undercover officer gave him the money first, saying that was the only way his supplier would transact the business. Bainer then left appellant's house as did the undercover officer.

The undercover officer returned a short time later. Only appellant was then at the house. Appellant and the undercover officer had earlier discussed going to Mexico, Missouri to buy the marijuana if they couldn't make the deal with Bainer. Now, however, again out of the presence of Bain-

er, appellant told the undercover officer that he had made arrangements to deal direct with Bainer's supplier and had set up a meeting with the supplier at Riverside Park in Jefferson City.

In the meanwhile, Bainer and another man, Danny Buschmann, driving a Vega automobile, parked on a grocery store parking lot at a place from which they could observe the house and the movements of appellant and the undercover officer.

When a police car occupied by officers who were maintaining surveillance over the undercover operation entered the parking lot, Bainer and Buschmann drove away in the Vega. The police officer in charge of surveillance of the undercover operation testified that Bainer and Buschmann left the grocery parking lot several minutes before appellant and the undercover officer left for Riverside Park.

The undercover officer and appellant then left the house and drove to Riverside Park. Instead of making a drug deal, however, the undercover officer was accosted and robbed by Bainer and Buschmann. Buschmann threatened the officer with a tire iron and Bainer held his hand in his pocket as though he had a pistol. The officer was forced to hand over his money.

As Bainer and Buschmann started to leave, appellant handed them his money, although they had not asked him for it.

■ In appellant's first point relied on he charges the trial court erred in denying his motion for judgment of acquittal at the close of all the evidence because there was insufficient evidence to support a conviction, there being no evidence of criminal agency. The point is without merit.

Bainer had not overheard the arrangement between appellant and the undercover officer to go to Riverside Park. Bainer left his observation post at the grocery parking lot before appellant and the undercover officer left appellant's house. Nonetheless, Bainer managed to be at the scene of the crime within minutes after appellant and the undercover officer arrived. Bainer wasn't able to follow appellant's automobile

because Bainer and Buschmann left first. There is a strong inference that appellant helped set up the officer by telling Bainer where they were going to meet.

Appellant was present at the scene of the crime. Appellant turned over a small amount of currency to Bainer and Buschmann even though neither demanded that appellant give them his money. The fact appellant handed over his money when the robbers has not asked him for it lead to the inference that appellant was attempting to cover up his own liability.

Finally, there was evidence that appellant said he did not recognize Bainer and attempted to conceal Bainer's identity by calling him "Joe" when Bainer went by the name of "Bo", although appellant had talked with Bainer earlier the same day at appellant's house.

Appellant cites *State v. Thoe,* 565 S.W.2d 818, 821–823 (Mo.App.1978) in support of his argument that there was insufficient evidence to sustain the conviction. *Thoe* is not apposite, it being a bombing case in which the defendant was not identified by any witness as being at the scene of the crime. Appellant's first point is denied.

■ Appellant next asserts that it was error to admit the evidence regarding the narcotic transaction because it was evidence of another crime. Evidence of other crimes is admissible where it reasonably tends to prove a material fact in issue, *State v. Bellew,* 612 S.W.2d 401, 402 (Mo.App.1981), or if the other crime is so connected with the crime charged that one cannot be fully shown without proving the other. *State v. King,* 588 S.W.2d 147, 150[5–6] (Mo.App. 1979).

■ The evidence of the drug transaction provided the connection between appellant, Bainer and the undercover officer. It also showed how Bainer, Buschmann and appellant knew the officer had the four hundred dollars with him. Without this evidence, it would be impossible for the state to show how appellant set up the officer. The robbery and the drug transaction are inextricably entwined. The point is denied.

Appellant's third point claims error in the trial court's failure to give MAI–CR2d 2.14. The state admits that this is error because the Notes on Use to MAI–CR 2.14 require it to be given when two or more persons may be criminally responsible for an offense divided into degrees.

■ Assuming, without deciding, that the error was prejudicial, any prejudice does not rise to the level of plain error under Rule 30.20. There was no manifest injustice or miscarriage of justice. Therefore the point is denied.

■ Appellant's fourth point relied on complains that the second degree robbery instruction was erroneously given because it contains typographical errors which render it confusing to the jury. Appellant should not be heard to complain of instruction error in a lesser included offense where he was convicted of the greater charge. Furthermore, the questioned typographical errors do not rise to the level of plain error, which is the standard of review because appellant failed to allege instructional error in his motion for a new trial.

■ Finally, appellant states it was error not to instruct the jury on all lesser included offenses of first degree robbery, again requesting review as plain error under Rule 30.20. The general rule is that instructing the jury on lesser included offenses is not required unless there is evidence which would justify an acquittal of the greater offense and a conviction of the lesser offense. *State v. Hill*, 614 S.W.2d 744, 750 (Mo.App.1981); *State v. Neighbors*, 613 S.W.2d 143, 148 (Mo.App.1980).

■ There is no evidence from which a jury could acquit appellant of first or second degree robbery and yet convict him of, for example, stealing. No evidence was adduced which would tend to show that the undercover officer was deprived of his money without the use of force. There was no error here, plain or otherwise. The point is denied.

The judgment is affirmed.

DOWD and GAERTNER, JJ., concur.