No. 49398.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 26, 1985.

Nelson Ray MONK, Appellant,

v.

STATE of Missouri, Respondent.

No. 49481.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Nov. 26, 1985.

## ORDER

Anthony M. Gawienowski, Wentzville, for appellant.

William L. Webster, Atty. Gen., Mark A. Richardson, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Movant was convicted of attempted robbery in the first degree, § 564.011 RSMo (1978), and assault in the first degree, § 565.050 RSMo (1978). This court affirmed movant's conviction on direct appeal in *State v. Monk*, 654 S.W.2d 365 (Mo.App. 1983).

Movant filed a Rule 27.26 motion for post conviction relief with the trial court. After an evidentiary hearing the trial court filed findings of fact and conclusions of law and denied movant's motion.

On appeal, movant alleges the trial court erred in failing to find ineffective assistance of counsel. Movant argues he was denied effective assistance counsel because his counsel represented both the movant and a co-defendant, Maurice Nolan. We affirm.

Movant and Maurice Nolan each hired James G. Gregory to defend them against charges of attempted robbery in the first degree and assault in the first degree arising out of the same occurrence. Movant was tried separately from Maurice Nolan.

At a pre-trial hearing, the state made a motion to disqualify James G. Gregory because of the possible conflict of interest. After careful inquiry, the court denied the motion and movant declined to dismiss Mr. Gregory.

Each co-defendant was planning to assert a different defense. Movant was planning to assert a defense that he entered the building without any intent to commit a robbery and that he was only going to recover money lost in an illegal crap game. Sometime in the two weeks prior to trial, perhaps as late as two days before trial, movant changed his defense and asserted that Maurice Nolan forced him to commit the crimes. Maurice Nolan was going to assert an alibi defense and was not willing to testify in movant's trial.

The state made a plea offer to movant that if he would testify against Maurice Nolan, the state would recommend a sentence of ten years on the attempted robbery charge and the state would enter a nolle prosequi on the assault charge. Movant declined to accept the state's offer.

During the trial, James Gregory did not call Maurice Nolan as a witness on movant's behalf. At this time, movant concurred in this decision. In addition, James Gregory had engaged James Snyder, an attorney, to assist in movant's trial. Mr. Snyder also concurred in the decision not to use Maurice Nolan as a witness because Mr. Snyder felt that Maurice Nolan would have been a "terrible" witness for movant.

While the jury was deliberating in movant's trial, the state made an identical plea offer to both Maurice Nolan and movant. Maurice Nolan accepted the offer and pled guilty to the charges against him. Movant again declined to accept the offer.

During the guilty plea hearing, Maurice Nolan stated that he forced movant to participate in the crime. At the Rule 27.26 evidentiary hearing for movant, however, Maurice Nolan stated that he would never have testified for movant.

Appellant's review of Rule 27.26 motion is limited to a determination of whether the trial court's findings, conclusions, and judgment are clearly erroneous. Rule 27.26(j).

■ Movant first contends that the representation of multiple defendants with adverse defenses by a single attorney is a per se conflict of interest. The point is denied.

■ In order to establish that a conflict of interest denied him the right to effective assistance of counsel, movant must show an actual conflict of interest which adversely affected the defense counsel's performance. *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1978); *State v. Powell,* 684 S.W.2d 514, 516–517 (Mo.App.1984); *King v. State,* 639 S.W.2d 396, 397 (Mo.App.1982).

■ Movant next argues in the alternative that an actual conflict of interest adversely affected his attorney's performance. Movant contends that James Gregory could not properly advise movant as to whether it would be in movant's best interest to accept the state's original plea agreement. Movant asserts that because the plea offer required movant to testify against Maurice Nolan, James Gregory could not provide movant with independent advice because an acceptance of the offer would adversely affect Mr. Gregory's other client, Maurice Nolan. This argument overlooks the fact that movant's counsel later attained a no less favorable plea offer for the movant. The later plea offer did not require movant to testify against his co-defendant, and thus removed any potential for conflict of interest.

Movant also asserts that if the guilty plea hearing had taken place before the evidence in movant's trial was closed, Maurice Nolan's statement that he forced the movant to participate in the crime would have been admissible in movant's trial. Movant, on the other hand, does not assert and did not produce any evidence which tended to show that James Gregory had the opportunity to alter the sequence of events.

Finally, movant contends that counsel should have put Maurice Nolan on the stand, regardless of the fact that Maurice would have relied on his Fifth Amendment privilege against self-incrimination and refused to testify. Movant asserts that this tactic would have added weight to movant's position that Maurice Nolan was solely responsible for the crimes. The argument however fails to consider the potentially damaging results from putting Maurice Nolan on the stand.

The arguments presented in the movant's brief fail to rise above the level of speculation. Movant's arguments concerning what his attorney could have, should, or might have done fail to reach the level showing actual conflict. *Franklin v. State,* 655 S.W.2d 561, 567 (Mo.App.1983); *King v. State,* 639 S.W.2d 396, 397 (Mo. App.1982).

We find no merit to the movant's position that there was an actual conflict of interest which adversely affected counsel's performance. We hold that the trial court's finding, conclusions and judgment are not clearly erroneous.

■ The court also notes that, in the pre-trial hearing, the trial court made a careful inquiry to satisfy itself that no conflict of interest would result and that the movant had no objection. If there had been a conflict of interest, movant knowingly and voluntarily consented to his counsel's representation. *DeConink v. State,* 557 S.W.2d 698 (Mo.App.1977).

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.