**Larry G. CALLAHAN, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 50701.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 20, 1986.

Motion for Rehearing and/or Transfer Denied June 19, 1986.

Application to Transfer Denied July 15, 1986.

H. Paul Fox, Union, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, Paul LaRose, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Larry Callahan, movant, appeals from the trial court's order denying his motion to vacate judgment and sentence pursuant to Rule 27.26. We affirm.

Movant was convicted by a jury of first degree robbery. His conviction was affirmed on appeal. *See State v. Callahan,* 650 S.W.2d 2 (Mo.App.1983). In his appeal from the trial court's order denying his Rule 27.26 motion, movant raises two points: 1) The trial court, (Judge Davis), erred in failing to disqualify himself for cause in movant's Rule 27.26 proceeding, and (2) the trial court erred in denying movant's ineffective assistance of counsel claim.

Under Rule 27.26, movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. Rule 27.26(f). Our review is limited to determining whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). We therefore will not vacate a sentence unless we are firmly convinced a mistake was made at movant's trial. *King v. State,* 639 S.W.2d 396, 397 (Mo.App.1982).

In his first point relied on, defendant asserts Judge Davis erred in refusing to disqualify himself, because he was a named defendant in a separate civil suit filed in federal district court by defendant. Judge Davis stated he was unaware of the lawsuit pending in federal court until movant filed his motion to disqualify. In addition, at movant's evidentiary hearing on his Rule 27.26 motion, movant stated:

> "... And simply because you're the presiding judge is the fact that you are incorporated in the lawsuit."

We interpret movant's statement to mean the only reason Judge Davis was named as a defendant in movant's lawsuit in federal district court is that he was the presiding judge of the judicial circuit in which defendant was convicted.

A Rule 27.26 proceeding is civil in nature, governed by the rules of civil proce-

dure insofar as they are applicable. Rule 27.26(a). Rule 51.05, pertaining to change of judge, applies to Rule 27.26 proceedings. *Moore v. State,* 594 S.W.2d 355, 356 (Mo. App.1980). Pursuant to Rule 51.05, movant was entitled to one change of judge as of right, which he received. *See Matter of Buford,* 577 S.W.2d 809, 828 (Mo. banc 1979). Following movant's first change of judge, however, Judge Davis was under a duty to remain as judge in the case. *See State v. Hindman,* 543 S.W.2d 278, 283 (Mo.App.1976).

Our review of the record in this case reveals absolutely no evidence of bias or prejudice on the part of Judge Davis. Movant offers no such evidence. He relies on the possible appearance of impropriety. In a Rule 27.26 proceeding, however, movant is required to allege facts, not conclusions, which warrant relief. *Davis v. State,* 600 S.W.2d 613, 614 (Mo.App.1980). We do not believe the mere fact Judge Davis was named as a defendant in a separate civil suit in federal court required him to disqualify himself for cause. A reading of Judge Davis' detailed findings and judgment supports this conclusion. Movant's first point is denied.

In his second point relied on, movant asserts the trial court erred in overruling his ineffective assistance of counsel claim. Movant maintains his trial counsel did not sufficiently interview two defense witnesses and presented damaging testimony by a police officer after movant told counsel not to call the officer as a witness.

In order to establish ineffective assistance of counsel, movant must prove his attorney failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances. *King v. State,* 639 S.W.2d 396, 398 (Mo.App.1982). Movant must also show he was prejudiced by his counsel's failure. *Id.* Movant must overcome a presumption of competency of trial counsel. *Jackson v. State,* 672 S.W.2d 367, 368 (Mo.App.1984).

The two defense witnesses movant claims his trial counsel inadequately interviewed testified at movant's evidentiary hearing. Both testified movant's trial counsel spent five minutes talking with each. Movant has not established more time was needed. *See Thomas v. State,* 665 S.W.2d 621, 624 (Mo.App.1983). Therefore, movant has failed to show the prejudice necessary to prove an ineffective assistance of counsel claim.

As to the police officer's testimony, movant's trial counsel testified that as a matter of trial strategy, he felt the police officer's testimony could be favorable to movant, in that the police officer had no evidence linking movant to the robbery. The decision of what witnesses to call is within trial counsel's discretion. *Tomich v. State,* 607 S.W.2d 811, 812 (Mo.App.1980). Counsel's trial strategy does not support a finding of ineffective assistance of counsel. Movant's second point relied on is denied.

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.