**Clifford Van SMITH, Movant-Appellant,**

v.

**STATE of Missouri,
Defendant-Respondent.**

No. 50646.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 19, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 17, 1986.

Application to Transfer Denied
Oct. 14, 1986.

---

Mary Dames Fox, Asst. Public Defender, Clayton, for movant-appellant.

Lee Allison Bonine, Jefferson City, for defendant-respondent.

KAROHL, Presiding Judge.

Movant, Clifford Van Smith, appeals from a judgment denying his Rule 27.26 motion following an evidentiary hearing. Movant was convicted by a jury of one count of kidnapping, § 565.011 RSMo 1978; two counts of rape, § 566.030 RSMo 1978; two counts of sodomy, § 566.060 RSMo 1978; and one count of second degree assault, § 565.060 RSMo 1978. His convic-tions and sentence were affirmed in *State v. Smith,* 626 S.W.2d 256 (Mo.App.1981).

Movant raises four points in this appeal. He contends he was denied effective assist-ance of counsel because: (1) neither pre-tri-al motion nor trial attorney interviewed him prior to the day of trial; (2) trial attor-ney did not fully investigate movant's de-fense prior to trial; (3) movant was not prepared for direct or cross-examination by his attorney; and (4) movant's attorney had a conflict of interest because he represent-ed three co-defendants at trial. We affirm.

■ Movant's initial claim is that neither motions nor trial attorney interviewed him prior to hearing or trial date. Evidence adduced at the Rule 27.26 hearing clearly shows that the law firm's investigator met with Smith several times between Smith's arrest and trial. At the Rule 27.26 hearing the investigator testified that he extensive-ly interviewed Smith and gave a full brief-ing to the motions attorney prior to the hearing on defendant's motion to suppress. Motions filed were to suppress statements, evidence and identification. Movant never made a statement to police. He testified that he was present at the crime scene. No evidence was seized from Smith or from a location to which he was entitled a rea-sonable expectation of privacy. Prejudice could not have resulted by any deficiency on this ground at the motion stage.

■ The trial attorney and the motion attorney were with the same law firm. The mere fact that his attorney did not meet movant until the day of trial is not in itself ineffective assistance of counsel. *Rodgers v. State,* 610 S.W.2d 25, 29 (Mo. App.1980). The investigator testified that he initially interviewed Smith shortly after Smith retained the firm. At this interview Smith told him that he was present at the crime scene and had consensual sex with one of the victims. Later the investigator met with Smith to discuss witnesses, the police reports and the victim's depositions. At one of these meetings he learned that movant was considering an alibi defense. At that time he told movant that the firm would not use framed or perjured testimo-ny.

Both the investigator and trial attorney testified that although there was difficulty in locating possible witnesses, eventually the firm contacted and secured testimony of the witnesses movant requested. The attorney testified that he spoke to the witnesses by telephone prior to trial and that all witnesses testified as planned, consistent with movant's defense. This evidence refutes Smith's claims that pre-trial investigation did not occur and that the witnesses were not interviewed until the day of trial.

Movant further alleges ineffective assistance of counsel in that his attorney did not discuss possibilities of change of venue or jury sequestration with him. Allegations of ineffectiveness which relate to trial strategy are not cognizable under Rule 27.26. *Williamson v. State*, 628 S.W.2d 895, 898 (Mo.App.1981). Movant's claim that counsel never discussed his own direct or cross-examination is not supported. Counsel testified that he spent at least an hour with Smith the morning that trial was originally scheduled reviewing the State's case and Smith's testimony and conduct should he testify.

Movant's final allegation is that a conflict of interest existed because counsel represented three co-defendants. Representation of multiple defendants is not per se ineffective assistance of counsel. *Holloway v. Arkansas*, 435 U.S. 475, 482, 98 S.Ct. 1173, 1177–78, 55 L.Ed.2d 426 (1978). The law is well established that the burden of proof to show actual, not speculative, conflict of interest is on movant. *DeConink v. State*, 557 S.W.2d 698, 699 (Mo.App. 1977). Smith knew from the outset that the same firm was representing all four co-defendants. He neither objected to counsel nor requested new counsel. Moreover, movant's defense was identical to the other co-defendant's defense of consent. Movant fails to meet his burden of proof on this point.

Movant cites *Harris v. Housewright*, 697 F.2d 202 (8th Cir.1982) for the proposition that cumulative minor attorney errors can result in an overall failure to receive effective assistance of counsel. In *Harris*, the attorney errors included request for private payment of fees, failure to properly prepare for change of venue hearing, voir dire errors, failure to prepare for state's witnesses, failure to object to hearsay testimony and failure to request a mistrial. Application of the rule that the cumulative effect of various failures of counsel may be proof of ineffective assistence depends, in first instance, on proof of the alleged failures. Here, movant was unable to support his claims with facts at the Rule 27.26 hearing.

Movant must prove his case by a preponderance of the evidence. *State v. Bradley*, 618 S.W.2d 206, 208 (Mo.App. 1981). Appellate review of movant's claim of ineffective assistance of counsel is limited to determining whether the findings, conclusions and judgment of the trial court are clearly erroneous. *Warden v. State*, 633 S.W.2d 298, 299 (Mo.App.1982). Here movant failed to meet his burden of proof. The Rule 27.26 judge concluded that the movant received effective legal representation. We affirm.

SIMON and GARY M. GAERTNER, JJ., concur.