Michael Anthony HICKS, Appellant,

v.

STATE of Missouri, Respondent.

No. 51259.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 12, 1986.

Motion for Rehearing and/or Transfer
Denied Dec. 16, 1986.

Application to Transfer Denied
Feb. 17, 1987.

James S. McKay, St. Louis, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial, after an evidentiary hearing, of his Rule 27.26 motion. We affirm.

Movant pled guilty, in an *Alford* plea, to assault first degree, robbery first degree, robbery second degree, and resisting arrest. He was sentenced to fifteen years.

On appeal movant asserts the trial court erred in denying the ineffective assistance of counsel claim in his Rule 27.26 motion. He alleges his trial counsel failed to adequately investigate and prepare a defense of involuntary intoxication. Movant, in his Rule 27.26 motion, also alleged the trial court erred in accepting his guilty plea because he could not recall, at the plea hearing, the facts of the crimes to which he was pleading guilty. Movant did not raise this issue on appeal. *See Smallwood v. State,* 698 S.W.2d 46, 47[2][3] (Mo.App. 1983). *Bird v. State,* 657 S.W.2d 315, 316[4] (Mo.App.1983).

After a guilty plea, the incompetence of counsel is material only to the extent it bears on the voluntariness of the plea. *Holzer v. State,* 680 S.W.2d 764, 767[8] (Mo.App.1984). Movant alleges he ingested PCP prior to the commission of the crimes; the PCP made him act crazy; family members witnessed his behavior; he gave the names of those family members to his attorney; and she failed to contact them. Movant claims had his attorney adequately investigated the insanity defense she would have found it to be a viable defense, and because she did not investigate he was forced to choose between pleading guilty and a potential ninety-five year sentence, thus making his plea involuntary.

Movant's attorney testified she discussed the viability of an involuntary intoxication defense with attorneys in her office and at the Missouri Trial Attorneys Conference. She obtained movant's hospital records, contacted movant's wife, and contacted a toxicologist who concluded that the facts did not support a finding of voluntary intoxication. She also discarded a possible involuntary intoxication defense based upon information movant had given her as to his voluntary ingestion of intoxicants. As a matter of trial strategy she recommended that movant plead guilty. Movant told his attorney he would accept a fifteen-year sentence, and she negotiated a reduction in the twenty years recommended by the prosecutor.

Movant has the burden of proving his asserted grounds for relief beyond a preponderance of the evidence. Rule 27.26(f). *Callahan v. State,* 712 S.W.2d 25, 26 (Mo. App.1986). He must overcome the presumption of trial counsel's competency. *Id.* at 27[3]. The 27.26 trial court viewed the witnesses and found movant's attorney to be "experienced and competent in the handling of criminal cases and [she] more than exceeded the required standard of competency in this case." We presume the trial court's findings are correct. *Bradley v. State,* 564 S.W.2d 940, 942[3] (Mo.App. 1978). The trial court did not err in denying movant's Rule 27.26 motion where there was ample evidence movant's attorney acted competently; at his plea hearing movant testified he had been told about the possibility of an intoxication defense; at the plea hearing movant testified he was satisfied with counsel; and at that plea hearing movant heard his attorney testify how she reached the conclusion that such a defense would fail.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.