**Ervin A. HAAS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 51929.**

Missouri Court of Appeals, Eastern District, Division One.

July 7, 1987.

Motion for Rehearing and/or Transfer Denied Aug. 13, 1987.

Charles H. Billings, Bruntrager, Bruntrager, & Billings, St. Louis, for appellant.

William L. Webster, Atty. Gen., Donna Richards-Crosswhite, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of three counts of assault with intent to kill, one count of attempted robbery and one count of armed criminal action. Movant was sentenced to forty years' imprisonment for each assault with intent to kill, said sentences to run concurrently, ten years' imprisonment for the attempted robbery, said sentence to run consecutive, and three years' imprisonment for the armed criminal action, said sentence to run consecutive to the other sentences. This court affirmed the convictions on appeal. *State v. Haas,* 610 S.W.2d 68 (Mo.App.1980).

At movant's trial, the State's evidence consisted mainly of movant's confession to police and the testimony of a police informant that movant had confessed the crime to him. Movant's trial attorney made a pretrial motion to suppress the confession as it was involuntary. This motion was ruled upon at the close of all the evidence. It was denied.

Movant claims his trial counsel was ineffective in failing to have the trial court rule upon the motion before trial. This claim is without merit.

In claiming ineffective assistance of counsel, movant must show (1) his trial attorney failed to exercise the customary skill and diligence a reasonably competent attorney would perform under similar circumstances, and (2) movant was thereby

prejudiced. *Callahan v. State*, 712 S.W.2d 25, 27 [2] (Mo.App.1986). Even were we to find fault with movant's trial attorney's actions, movant has failed to prove any prejudice. Had the suppression ruling been made before the trial, the same evidence would have been presented to the jury. Movant has not shown and there is no reason to believe the trial court's ruling, and this court's affirmance of that ruling, would have changed had the ruling been made prior to the trial.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.