John **MORRIS**, Movant–Appellant,

v.

**STATE of Missouri,**
**Respondent–Respondent.**

No. 52571.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 10, 1987.

Motion for Rehearing and/or Transfer
Denied Dec. 10, 1987.

John F. Newsham, Asst. Public Defender, Clayton, for movant-appellant.

John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion following an evidentiary hearing. We affirm.

In 1980, movant pled guilty to two counts of rape, two counts of sodomy, and two counts of kidnapping. In accordance with a plea agreement, the court sentenced him to consecutive terms of fifteen years' each on the rape counts and fifteen years on each of the remaining counts to be served concurrently with the sentences on the rape counts.

The transcript of the guilty plea proceeding reveals that movant's case had proceeded to a jury trial, and, on the second day of trial, movant told his attorney he wanted to plead guilty. The court gave movant a full explanation of his rights, the prosecutor stated what the state's evidence would show, and movant agreed that the facts, as stated by the prosecutor, were correct. The record reveals that movant understood the agreement was for a total of 30 years, and he indicated he entered the plea after discussions with his grandmother, an acquaintance, and counsel. Movant said he was satisfied with his counsel. The court interrogated movant, found that his plea was voluntarily made and accepted it, ordered a presentence investigation, and five weeks later sentenced movant in accordance with the plea agreement.

In his Rule 27.26 motion, movant sought to vacate or correct his sentences, alleging ineffective assistance of counsel because, among other matters, he and his co-defendants were represented by the same attorney, he did not waive any potential or actual conflict of interest from the multiple representation, and an actual conflict of interest arose when his counsel "became so busy in the preparation and trial of movant's co-defendants and 'neglected' the preparation of a defense and investigation of the facts and legal issues of movant's [case]."

At the evidentiary hearing, movant testified his grandmother hired attorney James Knappenberger "about ten months" before his guilty plea and that he never saw him until about 30 minutes before the guilty plea. Movant said it was his understanding that he would be sentenced to a total of 15 years' imprisonment. He said he was not aware that Knappenberger might have a conflict of interest in the case.

Knappenberger testified that his law office was hired to defend movant approximately eight and one-half months before the guilty plea and that he talked to movant "several times over the period of time from when we were hired to when the first [co-defendant's] trial began...." Other attorneys in Knappenberger's office filed several pre-trial motions, and Knappenberger testified in detail about the versions of the facts movant gave him and the police. Knappenberger said that before movant's trial, the state made an offer of 30 years which he conveyed to movant who refused it. Prior to trial, Knappenberger put the offer on the record. After five witnesses had testified at trial, movant approached counsel about whether or not a guilty plea agreement was still possible. Knappenberger said he made it clear "at all times" to movant that the state's offer was for a total of 30 years.

Concerning the joint representation, Knappenberger testified, "We made all four defendants aware that we were representing all four. And both their families and them understood that and agreed with that. And there was at no time at all any question raised about that. They knew it and they consented in us representing all four."

The motion court issued findings of fact and conclusions of law. The court believed counsel's version, found that he was not ineffective, and denied the motion.

In his sole point on appeal, movant contends the court erred in failing to sustain his Rule 27.26 motion "in that there was a conflict in movant's attorney representing movant and several codefendants simultaneously...."

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made.

*Richardson,* 719 S.W.2d at 915. The motion court is not required to believe movant's testimony at a Rule 27.26 hearing, *Porter v. State,* 678 S.W.2d 2, 3 (Mo.App. 1984), and an appellate court gives due regard to the motion court's opportunity to hear witnesses and defers to its determination of credibility. *Houston v. State,* 623 S.W.2d 565, 567 (Mo.App.1981). Movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Careaga v. State,* 613 S.W.2d 863, 867 (Mo.App.1981).

 Representation by counsel of co-defendants is not per se ineffective assistance of counsel. *Smith v. State,* 716 S.W.2d 467, 469 (Mo.App.1986). A defendant who raised no objection at trial to joint-representation must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *Beaver v. State,* 702 S.W.2d 149, 151 (Mo.App.1985). *See also Smith,* 716 S.W.2d at 469 (conflict of interest must be actual and not speculative).

 From counsel's testimony, which the motion court accepted as true, we know that movant was aware that Knappenberger was representing his co-defendants. Counsel represented movant for more than eight months prior to trial and an additional five weeks passed between movant's plea and his sentencing. Movant neither objected to his counsel nor requested new counsel. After evidence was taken at trial, movant approached Knappenberger about the possibility of pleading guilty. Movant has presented no credible evidence to show "that an actual conflict of interest adversely affected his lawyer's performance." Movant has failed to carry his burden of proof to show that his rights were adversely affected by his counsel's representation of the co-defendants.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.