**Dennis L. HADLEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 55488.

Missouri Court of Appeals,
Eastern District,
Division One.

May 15, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 14, 1990.

Gregory D. O'Shea, St. Louis, for appellant.

William L. Webster, Atty. Gen., and Darryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Dennis L. Hadley, appeals the denial of his Rule 29.15 motion after an evidentiary hearing. Movant was convicted by a jury of second degree robbery pursuant to RSMo § 569.030 (1979) on March 3, 1983. The jury recommended a sentence of five years imprisonment and, on April 29, 1983, the circuit court imposed the jury's recommendation. This court affirmed movant's conviction and sentence on appeal. *State v. Hadley,* 675 S.W.2d 82 (Mo.App., E.D.1984). In this appeal, movant contends he was denied effective assistance of counsel in that his trial counsel, by representing a co-defendant, had a conflict of interest. We find that no actual conflict

existed that affected movant's trial counsel's performance and affirm.

The evidence reveals that on March 5, 1982, the movant grabbed the purse of the victim, Marina McRoy, while she was standing at the telephone in the lobby of "Steamer's Lounge" in South County. The movant, being pursued by the victim, then ran to a jeep being driven by Larry Whitener and said "Get going—hurry up." The victim attempted to grab the movant out of the jeep, but was hit in the face by the movant. The victim fell off the jeep and was run over by the right rear tire and she sustained serious injuries.

After learning that they were wanted by the police, movant requested that Whitener go with him to see Joseph Howlett of the law firm of Shaw, Howlett, and Schwartz. Whitener assented. They then hired Joe Howlett in case criminal charges were brought against them.

On April 17, 1982, both movant and Whitener were indicted on charges of robbery in the first degree. Howlett represented both movant and Whitener in plea negotiations. On March 2, 1983, Whitener agreed to plead guilty in exchange for a reduction of the charge to robbery in the second degree, a recommendation of five years imprisonment, no State opposition to a presentence investigation, and under the condition that Whitener would not have to testify at movant's trial.[1] Movant refused to enter a plea of guilty and his cause went to trial. Ronald Kaden, an attorney with Howlett's firm, represented movant at trial and on his subsequent appeal.

The motion court found that these facts failed to demonstrate an actual conflict of interest. This court's review of the motion court's decision is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989); Rule 29.15(j). The motion court's findings of fact and conclusions of law are clearly erroneous only if a review of the entire record leaves this court with a

1. The trial court suspended imposition of the sentence on Whitener and placed him on five years probation.

definite and firm impression that a mistake has been made. *Wooten v. State,* 776 S.W.2d 453, 454 (Mo.App., E.D.1989). The motion court is not required to believe movant's testimony at the hearing. *Morris v. State,* 741 S.W.2d 31, 33 (Mo.App., E.D. 1987). The appellate court gives due deference to the motion court's opportunity to hear witnesses and defers to its determination of credibility. *Id.*

It is clear that representation by counsel of co-defendants is not per se ineffective assistance of counsel. *Morris,* 741 S.W.2d at 33. Where defendant has lodged no objection at trial to the joint representation, as is the case here, the defendant must demonstrate that an actual conflict of interest existed and that this actual conflict adversely affected his lawyer's performance. *State v. Murphy,* 693 S.W.2d 255, 260 (Mo.App., W.D.1985).

Movant attempts to squeeze an actual conflict out of the fact that, as part of the plea bargain negotiated by Howlett, Whitener could not be called at movant's trial by either party. What movant neglects to mention is that, prior to his indictment, Whitener had given a taped statement to the police in which he stated that movant told Whitener that movant had grabbed the victim's purse and been chased by the victim. Whitener then went on to give an account of the incident that corroborated the victim's story and refuted that told by the movant at his trial. The motion court found that the attorney's decision not to call Whitener was due, not to a conflict of interest, but to the fact that the taped statement would have then been admitted into evidence to impeach Whitener if his testimony differed from the story told on the tape. Matters of trial strategy are not cognizable in post conviction relief proceedings. *Smith v. State,* 716 S.W.2d 467, 469 (Mo.App., E.D.1986). The decision of the motion court is, therefore, affirmed.

REINHARD and CRIST, JJ., concur.