**John LUCKETT, Appellant–Movant,**

**v.**

**STATE of Missouri, Respondent–Respondent.**

**No. 61220.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 8, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 21, 1993.

Application to Transfer Denied
Feb. 23, 1993.

Nick A. Zotos, Deborah M. Bird, St. Louis, for appellant-movant.

William L. Webster, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

CRANDALL, Presiding Judge.

Movant, John Luckett, appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. Movant previously had been convicted, after a jury trial, of murder in the second degree, § 565.020.1, RSMo (1986), and of armed criminal action, § 571.015, RSMo (1986); and sentenced to consecutive terms of imprisonment for life and 10 years, respectively. We affirm.[1]

Movant, John Luckett, and his nephew, Jerome Luckett (codefendant), were charged by indictment with murder in the first degree and armed criminal action for the death of Sherman Stewart (victim). Two men, who were identified by witnesses as movant and codefendant, were engaged in an altercation with the victim. During the course of the argument, one of the men pulled a gun and waived it around. The victim got into his automobile and attempted to drive away from the scene of the argument. At that point, the man holding the gun shot several times at the back of victim's car. The victim died from a gunshot wound to the back of his head. Witnesses identified movant as the man who fired the gun.

Movant's mother, accompanied by codefendant's mother, retained the services of a law firm to represent their sons. Movant's mother paid the firm one fee for the joint representation of movant and codefendant; and an attorney (counsel) from that firm represented both of them. Their cases were severed prior to counsel's involvement in the case. Although counsel spoke with them several times about their respective cases, he never interviewed them separately. All correspondence with counsel was signed by both movant and codefendant. Counsel never discussed with them the risks for a potential conflict of interest.

Movant's case went to trial first. Neither he nor codefendant testified at his trial; and no other witnesses testified on

his behalf. Movant and counsel considered and rejected presenting evidence of self defense. His defense was premised on the misidentification of him by the witnesses to the occurrence.

The jury found movant guilty of murder in the second degree and armed criminal action. The trial court sentenced him to consecutive terms of imprisonment for life and ten years, respectively.

Some time after movant's trial, codefendant pleaded guilty to involuntary manslaughter pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). By entering an *Alford* plea, codefendant consented to the imposition of a prison sentence, although disclaiming guilt, because he concluded that his interests required a guilty plea and the record strongly evidenced guilt. *Id.*, 400 U.S. at 37, 91 S.Ct. at 167. The court sentenced him to six years' imprisonment.

Movant's sole point on appeal is that the court erred in denying his Rule 29.15 motion because a conflict of interest denied him effective assistance of counsel. Movant did not raise the conflict issue at trial, but raised it in his Rule 29.15 motion.

The Sixth Amendment to the Constitution of the United States guarantees the right not only to the assistance of counsel, but also to the effective assistance of counsel. *State v. Murphy*, 693 S.W.2d 255, 259 (Mo.App.1985) (citing *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942)). Permitting a single attorney to represent codefendants is not per se violative of the constitutional guarantee to effective assistance of counsel. *Holloway v. Arkansas*, 435 U.S. 475, 476, 98 S.Ct. 1173, 1174, 55 L.Ed.2d 426 (1978); *State v. Powell*, 684 S.W.2d 514, 517 (Mo. App.1984). In order to succeed on an ineffective assistance of counsel claim founded on an alleged conflict of interest due to joint representation, the movant must show that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct.

---

1. This court, on its own motion, severed John Luckett's direct appeal from this appeal and dismissed his direct appeal, because his brief raised no issues as to that appeal.

1708, 1718, 64 L.Ed.2d 333 (1980); *Potter v. State*, 742 S.W.2d 231, 232 (Mo.App.1987). The burden of proof is on movant to show actual, not speculative, conflict of interest. *Smith v. State*, 716 S.W.2d 467, 469 (Mo. App.1986).

■ In the instant action, counsel testified at the evidentiary hearing on the Rule 29.15 motion that, prior to his involvement with movant and codefendant, their cases were severed. At all times during his representation of movant and codefendant, he viewed and treated their cases as separate and distinct. Both movant and codefendant related the same version of the shooting to counsel, and told counsel that codefendant was not present at the scene of the shooting. Counsel and movant jointly made the determination that movant would not testify at his trial. In addition, because codefendant entered an *Alford* plea of guilty after defendant's trial, he was not placed in the position of having to testify at movant's trial. *See Monk v. State*, 701 S.W.2d 198, 200 (Mo.App.1985). Had codefendant pleaded guilty prior to movant's trial, his guilty plea would have constituted a waiver of his Fifth Amendment privilege against self-incrimination and he could have been forced to testify as to the details of the crime charged. *See Reina v. United States*, 364 U.S. 507, 513, 81 S.Ct. 260, 264, 5 L.Ed.2d 249 (1960); *Robinson v. State*, 491 S.W.2d 314, 315 (Mo.1973). Because codefendant did not testify at movant's trial, it is difficult to ascertain the existence of a conflict of interest.

Movant asserts that joint representation restrained counsel from pursuing a defense in which movant could shift the blame for the shooting to codefendant. Given movant's and codefendant's identical versions of the events, which did not place codefendant at the scene of the shooting, counsel's failure to assert movant's proposed defense was reasonable. Movant's defense, that he was misidentified by the witnesses, was consistent with codefendant's not being present at the scene. Based on the record before us, the possibility that counsel should have raised other defenses is highly speculative. Counsel is not required to present a false defense in order to render effective legal assistance.

In addition, movant knew from the outset that counsel was representing him and codefendant. He neither objected to counsel nor requested new counsel. *See Smith*, 716 S.W.2d at 469.

■ Movant's arguments concerning what counsel could, should, or might have done do not reach the level of displaying an actual conflict of interest. *See Monk*, 701 S.W.2d at 200. Counsel's representation of codefendant was not directly adverse to his representation of movant.[2] The court was not clearly erroneous in denying movant's Rule 29.15 motion. Movant's point is denied.

The judgment of the motion court is affirmed.

PUDLOWSKI and GRIMM, JJ., concur.

---

**2.** Rule 4–1.7 of the Rules of Professional Conduct provides:

    (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

    (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

    (2) each client consents after consultation.

In the instant action, the absence of an actual conflict negates counsel's duty to consult with codefendants as to the risks of multiple representation. A better practice for counsel, however, would be to bring the risks of any potential conflicts to the attention of all the involved clients, so that they can make an informed choice about their joint representation by one attorney.