**STATE of Missouri, Respondent,**

v.

**Victor L. MURPHY, Appellant.**

**Victor L. MURPHY, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 60137, 63533.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 15, 1994.

**130**

Raymond L. Legg, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Traci J. Sanders, Asst. Attys. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant was charged, jury tried and convicted of assault first degree and armed criminal action. The evidence supported a finding defendant stabbed Michael Robinson in the abdomen and cut him across the chest. The jury rejected defendant's claim the assault was justified by a fear for the safety of his companion and himself. He was sentenced as a persistent offender to concurrent twenty year terms to be served consecutive to a previous Illinois sentence. After an evidentiary hearing, his Rule 29.15 post conviction relief motion was denied.

The points on appeal do not contest the state's proof of the following facts. On May 6, 1990, Michael Robinson spent the evening at the American Legion Hall in Hannibal, Missouri, with three friends including his date, Vickie Jones. Defendant was also there with friends including Shannel Brackley. Both groups were leaving at approximately 11:00 p.m. Jones and Brackley engaged in a fight in the parking lot which Michael Robinson broke up by pulling Jones off Brackley. Shortly thereafter defendant stabbed Robinson. After defendant was arrested, the police also arrested Brackley for interfering with defendant's arrest.

An information was filed on September 18, 1990. On October 15, 1990, defendant requested a speedy trial. He was tried on March 20 and 21, of 1991.

Defendant's first claim of error is the court abused its discretion in not granting a continuance requested on the first day of trial. The written motion was based on the failure of authorities in Illinois to serve a subpoena on defense witness Wesley Hicks. Timely arrangements were made to serve Hicks, who was held in jail in Quincy, Illinois. Hicks was released on bond before service was obtained. Defendant attempted to explain the relevance and need for Hicks testi-

mony:[1] Hicks reported to the police he was aware of an occasion when Michael Robinson "had some young lady in the house and they were having sexual activities with her ... he was charged with sexual assault on this girl and he served some time in the county on this charge." There was no claim that Hicks could testify Michael Robinson's sexual misconduct was assaultive. Defendant did not testify he had any knowledge of this matter when he stabbed Robinson and had never talked to Hicks.

On these facts, the court did not err. There was no abuse of discretion and no showing of prejudice. *State v. Lopez,* 836 S.W.2d 28, 32 (Mo.App.E.D.1992). The proposed testimony was irrelevant to the justification defense because of defendant's absence of knowledge. *State v. Waller,* 816 S.W.2d 212, 216 (Mo. banc 1991). Further, Michael Robinson's prior sexual misconduct was criminal because of the age of the girl, not for threatening, assaultive or violent conduct. Defendant was not prejudiced by the absence of Hicks' testimony for the further reason Michael Robinson testified and admitted the Illinois offense. In the absence of prejudice, defendant is not entitled to a new trial. *State v. Schaal,* 806 S.W.2d 659, 666 (Mo. banc 1991). The conviction is affirmed.

Defendant claims two errors in not granting Rule 29.15 relief. First, he claims his trial counsel had a conflict of interest which denied him effective assistance of counsel. Second, counsel was ineffective because he failed to call a defense witness, a decision that could not be justified by strategy.

■ Defendant's counsel also represented his fiance, Brackley, who was charged with interfering with his arrest. They were not co-defendants. She pled guilty to a misdemeanor several months before defendant's trial. As a matter of federal constitutional law, defendant is entitled to fully independent counsel, free of any conflicts which pose a risk to the quality of representation. *U.S. v. Mahar,* 550 F.2d 1005, 1008 (5th Cir.1977) *reh. denied,* 553 F.2d 101 (5th Cir.1977) (citing *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942)). Where, as

here, defendant did not assert this ground to the trial court to support a claim of conflict, he must demonstrate an actual conflict of interest which adversely affected his attorney's performance. *Cuyler v. Sullivan,* 446 U.S. 335, 348–349, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980). Defendant has not articulated reasons why his counsel's representation of his loyal friend, Brackely, denied him or Brackley effective assistance of counsel. She pled to a negotiated misdemeanor, a criminal act committed in public while supporting defendant. She became defendant's most effective defense witness. Defendant bore the burden of proving an actual conflict. *Smith v. State,* 716 S.W.2d 467, 469 (Mo.App. 1986). An actual conflict occurs only where "something was done by counsel, or something was foregone by counsel and lost to the [defendant] which was detrimental to [his] interests and advantageous to [Brackley]." *Poole v. State,* 825 S.W.2d 669, 673 (Mo.App. 1992). There was no showing of a conflict, actual or apparent.

■ Defendant claims his counsel was ineffective for failure to call Sheila Lewis as a witness. She would have testified that Vickie Jones, a prosecution witness, was not truthful when she told the jury she did not know Shannel Brackley prior to the day of the stabbing. Defendant alleged Lewis would have testified that Jones previously threatened to assault Brackley. For a number of reasons this claim fails.

First, Lewis' testimony would not have directly conflicted with Jones' testimony. Jones could have made a threatening statement about a person she had not met. Jones did not deny making a prior threatening statement regarding Brackley.

Second, counsel testified he chose not to call Lewis after his investigator interviewed Lewis. He concluded portions of her proposed testimony would have been inadmissible and would not have substantially advanced the defense. This view was defensible strategy. *Sanders v. State,* 738 S.W.2d 856, 858 (Mo. banc 1987).

Third, the testimony of Vickie Jones was repeated by Michael Robinson and by defen-

---

1. Defense counsel was unable to inform the court     of Hicks' possible testimony.

dant's statements to the police, both of which the jury heard. Her credibility was not decisive in proving the elements of the charged crime. Defendant's testimony, together with Michael Robinson's testimony, proved each element of the charged crime. The missing testimony was not prejudicial, and defendant's Rule 29.15 burden of proof fails. *Seales v. State*, 580 S.W.2d 733, 735–737 (Mo. banc 1979).

The denial of post conviction relief was not clearly erroneous. The judgment denying relief is affirmed. *State v. Yarber*, 829 S.W.2d 479, 482 (Mo.App.1992).

We affirm.

CRANE, P.J., and CRAHAN, J., concur.